UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| FRANK TIMOTHY BRUCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:17-CV-03073-SRB |
| | ) |
| CHRISTIAN COUNTY, MISSOURI, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT BRAD COLE'S REPLY IN SUPPORT OF HIS MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS**

COMES NOW Defendant Brad Cole, by and through his undersigned counsel, and for his reply to Plaintiff's Response to Cole's Motion for Partial Judgment on the Pleadings (ECF No. 55), states as follows:

**I. INTRODUCTION**

There are two legal issues presented to the Court in Defendant Cole's Motion for Partial Judgment on the Pleadings as to Count II of Plaintiff's Complaint: (1) whether § 57.275 RSMo creates a protected property interest in continued employment under the Fourteenth Amendment; and (2) whether not providing Plaintiff a letter outlining why he was dismissed, as contemplated by § 57.275 RSMo, violated clearly established law. If the answer to either question is in the negative, Cole's motion should be granted.

**II. PLAINTIFF'S ADDITIONAL STATEMENT OF FACTS**

1. Defendant Cole never provided Plaintiff with a letter pursuant to § 57.275 RSMo. and never communicated, in any fashion, to Plaintiff the rights set forth in this statute.

**Response:** Although Plaintiff does not cite to a portion of the Complaint supporting the allegation that Cole "never communicated, in any fashion, to Plaintiff the rights set forth in this statute," for the legal issues presented in this motion, it is immaterial and uncontroverted. Further, Plaintiff does not allege he requested "written notice of the grounds for the dismissal" from Sheriff Cole or anyone else.

### III. LEGAL ARGUMENT

#### A. Section 57.275 RSMo explicitly states it does not create a protected property int erest.

Without a protected property interest in continued employment, Plaintiff cannot succeed on Count II of his Complaint. Plaintiff's argument as to how § 57.275 creates a protected property interest, while industrious, ignores the requirements the law imposes before a protected property interest can be created. Moreover, Plaintiff's argument contradicts itself, and his reliance on § 57.201 further demonstrates that he, as a deputy sheriff, did not have a protected property interest in continued employment, but instead, served "at the pleasure of sheriff."

Plaintiff argues that when read together, § 57.275 and § 57.201 endow him with a protected property interest. Specifically, Plaintiff points out that in § 57.201.2, "deputies" are not listed as employees who hold office "at the pleasure of the sheriff." Plaintiff further asserts that, at the very least, no Missouri Courts have interpreted these statutes together to determine they do not create a protected property interest. But, Missouri Courts *have* interpreted these statutes, and determined they place no restrictions on a sheriff's ability to terminate a deputy. Thus, they cannot create a protected property interest.

First, in *Linkogel v. Baker Protective Services, Inc*., the Missouri Court of Appeals stated, "sheriffs of this state … are empowered to appoint their deputies by [§] 57.201.1 …. They are his

2
Case 6:17-cv-03073-SRB   Document 58   Filed 04/10/18   Page 2 of 8

agents who 'hold office at the pleasure of the sheriff.'" 626 S.W.2d 380, 385 (Mo. App. E.D. 1981) (citing § 57.201 RSMo). Thus, the Missouri Court of Appeals has interpreted § 57.201.2 to include deputies as employees serving at the pleasure of the sheriff. This interpretation is consistent with § 57.275 as well because nothing in that section, in any way, limits a sheriff's ability to discharge a deputy. This is evident upon a review of the Missouri Supreme Court's decision in *McCoy v. Caldwell County*, 145 S.W.3d 427 (Mo. 2004).

Plaintiff would have this Court believe that the *McCoy* case "has no relevance to the present case." Plaintiff's conclusory statement is nothing more than wishful thinking. While the Court was not presented with the question of whether § 57.375 created a protected property interest, it was presented with an issue that resulted in the Court determining what restrictions that section placed on a sheriff—an inquiry that is *directly* relevant to whether that section creates a protected property interest. *Id.* And, in *McCoy*, the Court stated unequivocally, "[a]lthough there is to be a hearing, and findings of fact are to be made, and the sheriff must review those findings, the sheriff still 'has the final decision-making authority,' and ***the statute does not subject that decision to any gauge or criteria***." *Id.* at 428. (emphasis added).

Because a protected property interest is not created by a statute unless it "mandates the outcome to be reached upon a finding that the relevant criteria have been met," § 57.275 cannot create a protected property interest. Neither § 57.201 nor § 57.275 can be read to create a protected property interest because it leaves *complete* discretion to the sheriff. *McGuire v. Independent School Dist. No. 833*, 863 F.3d 1030, 1035 (8th Cir. 2017) ("[F]or [plaintiff] to have a legitimate claim of entitlement to a renewal of his contract, he must show that the 2013 amendment does not leave 'considerable discretion' in the hands of the school board.") (Internal citations omitted)).

3

Finally, Plaintiff asks this Court to ignore the plain language of the statute which explicitly states, "The procedural requirements created pursuant to this section *shall not be interpreted as creating any new substantive due process rights ...*" § 57.275.2 RSMo (emphasis added). Likewise, Plaintiffs feigned attempt to use § 57.201, another section within the same chapter, to try to argue that both statutes, when read together, create a protected property interest, completely ignores the section's plain statement that "[n]othing in this **chapter** shall be interpreted as conferring or creating an employment status for deputy sheriffs other than at-will …." § 57.275.2 RSMo (emphasis added).

Plaintiff's creative reading of § 57.201 and § 57.275 ignores the plain language of the statutes and the case law, which both demonstrate that neither of those statutes—either independently or collectively—create a protected property interest. As a result, this Court should determine no protected property interest is created by Chapter 57 and grant Defendant Cole's Motion.

### B. Section 57.275 RSMo is not superfluous, but does not create a property interest.

Plaintiff suggests that Defendant Cole is arguing that § 57.275 is a superfluous statute without meaning or actual authority—Cole makes no such argument. Nevertheless, the implication of Plaintiff's suggestion results in the fallacy of false alternatives that § 57.275 must either be superfluous or create a protected property interest. But, § 57.275 can have meaning without creating a protected property interest. Specifically, Plaintiff could have used § 57.275 as the basis for a Writ of Mandamus requiring that his supervisor or Sheriff Cole provide him with the letter and hearing as outlined in the Section.

4

### C. This Court has previously determined that § 57.275 RSMo does not create a protected property interest in employment.

In a case alleging an identical claim for violation of procedural due process, *Klossing v. Cole, et al.*, Case No. 17-03064-CV-S-SRB, this Court determined that that § 57.275 did not create a protected property interest in employment as a Sheriff's Deputy. Plaintiff's response completely ignores this Court's ruling and makes no attempt to distinguish this matter from the legal issue presented in *Klossing*.

### D. Even if § 57.275 RSMo creates a protected property interest, Defendant Cole is entitled to qualified immunity.

The Court need not address the qualified immunity issue because, as this Court has previously ruled, § 57.275 does not create a protected property interest. However, if it did, Defendant Cole would be entitled to qualified immunity because not providing Plaintiff "written notice of the grounds for his dismissal" does not violate clearly established law.

There is no case decided in the State of Missouri or the Eighth Circuit stating that failure to adhere to § 57.275 violates a sheriff deputy's constitutional rights. And, while a case directly on point is not required, Plaintiff must either point to "cases of controlling authority in their jurisdiction at the time of the incident or to a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful." *Payne v. Britten*, 749 F.3d 697, 708 (8th Cir. 2014) (internal citations and quotations omitted). Otherwise, Defendant Cole is entitled to qualified immunity.

Here, Plaintiff has pointed to no cases, either in or outside the Eighth Circuit, that demonstrates a sheriff's failure to specifically adhere to the requirements of § 57.275 violates a deputy's procedural due process rights under the Fourteenth Amendment. Moreover, there is nothing in § 57.275 requiring Sheriff Cole to personally provide the letter. The statute simply

says, "Any full-time deputy sheriff upon dismissal shall be furnished …." § 57.275 RSMo. The statute does not delineate *who* must send the notice. It is unclear from the statute whether the sheriff or a particular deputy's immediate supervisor is required to send the letter outlining the reasons for dismissal. In fact, it is far more likely, given that the statute places no criteria upon which the Sheriff must make his decision, that the letter would be provided by someone else and presented to the Sheriff for review at the dismissed deputy's request. At the very least, it cannot be said that it is clearly established that the sheriff himself/herself must furnish the letter.

When the General Assembly intended the sheriff to do something, it said so. Later in the same section, the General Assembly stated, "[t]he Sheriff shall schedule a closed hearing" and "[t]he sheriff will review the findings." § 57.275 RSMo. The General Assembly's omission of an instruction specifically to the sheriff as it relates to the termination letter demonstrates that it was not clearly established that it was the sheriff who must send the letter.

Plaintiff points to no case demonstrating it was clearly established law that Defendant Cole, personally, had to provide the reasons for dismissal. Instead, he relies only on the language of the statute, which is ambiguous at best, and lends itself to various interpretations—precluding a finding that the duties now alleged against Defendant Cole were clearly established.

## IV. CONCLUSION

Section 57.275 by its own explicit language, and by Missouri Courts' interpretation, does not limit Defendant Cole's discretion to dismiss a deputy and, therefore, does not create a protected property interest in continued employment. To the extent §57.275 does create a property interest, Defendant Cole is entitled to qualified immunity because he did not violate clearly established law.

Respectfully submitted,

ENSZ & JESTER, P.C.


/s/ Matthew J. Gist
| BRANDON D. MIZNER | MO #46515 |
| MATTHEW J. GIST | MO #54732 |
| REMINGTON B. SMITH | MO #60875 |

2121 City Center Square
1100 Main Street
Kansas City, MO  64105
Telephone:   816-474-8010
Facsimile:   816-471-7910
E-mails:   bmizner@enszjester.com
　　　　　mgist@enszjester.com
　　　　　rsmith@enszjester.com
　　　　　cnapolitano@enszjester.com
**ATTORNEYS FOR DEFENDANT BRAD COLE**

## CERTIFICATE OF SERVICE

       I hereby certify that, on April 10, 2018, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

KEVIN A. GRAHAM         MO #41709
GRAHAM LAW GROUP, P.C.
11 East Kansas
Liberty, Missouri 64068
Telephone:  816-792-0500
Facsimile:  816-781-6483
E-mail(s):  kevin@grahamlg.com

and

LYLE M. GREGORY        MO #40856
GREGORY & ASSOCIATES
309 S. Washington
Raymore, Missouri 64083
Telephone:  816-331-8767
Facsimile:  816-331-9967
E-mail(s):  kctryit@earthlink.net
**ATTORNEYS FOR PLAINTIFF**


TIM MUDD         MO #43594
MUDD LAW FIRM
1600 Baltimore, Suite 200B
Kansas City, Missouri 64108
Telephone:  816-541-3045
E-mail(s):  timmuddlaw@gmail.com
**ATTORNEYS FOR DEFENDANTS CHRISTIAN COUNTY, MISSOURI; WETER; BILYEU; AND PHILLIPS**

                          /s/ Matthew J. Gist
                          **ATTORNEYS FOR DEFENDANT BRAD COLE**